IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSIE BOYD, *Plaintiff*, v. BURLINGTON COAT FACTORY OF PENNSYLVANIA, LLC, *Defendant*. | CIVIL ACTION No. 16-04990 |

**PAPPERT, J.**                                                                                                **January 31, 2017**

## MEMORANDUM

Jessie Boyd sued Burlington Stores, Inc. ("Stores") in state court after she tripped and fell in a Burlington Coat Factory store. Boyd allegedly made a mistake when she filed suit—she named Stores as defendant when she should have named Burlington Coat Factory of Pennsylvania, LLC ("BCFP"). BCFP later removed the case and Boyd filed a motion to remand alleging that the removal was untimely as it was filed more than thirty days after service of the complaint. BCFP claims it timely removed the case because it filed the notice of removal within thirty days of Boyd agreeing to correct the caption in state court to reflect BCFP's proper name. Because Boyd properly served BCFP under Pennsylvania law, BCFP was on notice of a removable action at that time and the failure to remove the case within thirty days of this notice violates 28 U.S.C. § 1446(b)(1), notwithstanding any error in the corporate designation. Boyd's motion to remand is granted.

**I.**

**A.**

Boyd was injured when she tripped and fell in a Burlington Coat Factory store in Upper Darby, Pennsylvania. (Compl. ¶ 4, ECF No. 1, Ex. A.) She sued Stores for negligence in the

1

Philadelphia County Court of Common Pleas. Boyd initiated the action by filing a praecipe for a writ of summons on March 18, 2016, which she served on April 6, 2016 at the Burlington Coat Factory store located at 424 Oregon Avenue in Philadelphia, Pennsylvania. (Notice of Removal ¶ 1, ECF No. 1.) Boyd then filed a complaint on June 8, 2016 and served it on Defendant the next day. (*Id.* ¶ 2; ECF No. 8-7, Ex. D, at 6.)

On August 16, 2016 BCFP sent Boyd's counsel a letter contending that Boyd sued the wrong corporate entity and proposing a stipulation in which Boyd would agree to dismiss Stores and substitute BCFP. (ECF No. 8-6, Ex. C at 2–3.) On August 17 Boyd's counsel signed an amended stipulation agreeing to substitute the corporate entities. He added, however, a provision that would bar the new entity from raising a statute of limitations defense. (ECF No. 8-6, Ex. C, at 5–6.) On August 23 BCFP countered Boyd's proposal—BCFP agreed to the statute of limitations waiver but requested, *inter alia*, that Boyd would not contest removal to federal court. (Def.'s Resp., ECF No. 11, Ex. I.)

On September 16, 2016, after additional exchanges between the parties, Boyd's counsel stated that he would not agree to the removal waiver. (ECF No. 11, Ex. J.) BCFP responded by signing the August 17 version of the stipulation (which Boyd's counsel had already signed) and filing the stipulation in the Court of Common Pleas on September 16, 2016. (ECF No. 8-7, Ex. D, at 8.) BCFP filed its notice of removal on the same day. (ECF No. 1.)

BCFP removed this case over three months after it was served with the complaint. BCFP nonetheless argues that removal was timely because the case was not removable until it was properly named as a defendant—and this did not occur until Boyd's counsel signed a stipulation agreeing to substitute parties on August 17, 2016.

**B.**

BCFP owns the Burlington Coat Factory store in Upper Darby where Boyd was injured. (Answer, ECF No. 3, ¶¶ 2-3; Def.'s Resp., at 7.)  BCFP also does business in Philadelphia at the location where Boyd originally served BCFP, (Answer ¶ 3.), and it owns the fictitious names Burlington Stores and Burlington Coat Factory.  (Def.'s Resp., at 6.)

BCFP is a Pennsylvania Limited Liability Company.  (*Id.*)  Its sole member is Burlington Coat Factory Warehouse Corporation ("BCFWC").  (Def.'s Resp., Ex. I.)  BCFWC is a Delaware Corporation with its principal place of business at 1830 Route 130 North, Burlington, New Jersey.  (*Id.*)  Stores, the entity Boyd incorrectly named in her complaint, is a Delaware corporation with its principal place of business at 1830 Route 130 North, Burlington, New Jersey, the same principal place of business as BCFWC.  (Def.'s Resp., at 7.)

**II.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of showing that at all stages of litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  A plaintiff may challenge removal by moving to remand the case to state court.  *See* 28 U.S.C. § 1447(c).  Grounds for remand include: (1) lack of subject-matter jurisdiction or (2) a defect in the removal procedures.  *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)).  A motion to remand based on a defect "other than lack of subject matter jurisdiction" must be filed within thirty days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  "The removal statute should be strictly construed and all doubts resolved in favor of remand," *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting

*Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)); anything otherwise would curtail the power of the state courts to decide actions properly before them, *see Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986).

## III.

A defendant who wishes to remove a case to federal court must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the initial case is not removable as filed, the notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The time to file a notice of removal does not begin to run until the defendant has been officially summoned to appear in the action. *See Murphy Bro., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Thus, whether BCFP timely removed this action depends on whether and when it was properly served.

Whether a defendant was properly served is a question of state law. *See Shubert v. Manheim Auctions, Inc.*, No. 09-3365, 2010 WL 624175, at *1 (E.D. Pa. Feb. 18, 2010). "Under the Pennsylvania Rules Civil Procedure, an action against a corporation or similar entity 'shall be prosecuted . . . against the corporation or similar entity in its corporate name.'" *Id.* at *8 (citing Pa. R. Civ. P. 2177). "Corporate name" means "any name, *real or fictitious*, under which a corporation or similar entity was organized, or conducts business, whether or not such name has been filed or registered." Pa. R. Civ. P. 2176 (emphasis added). The purpose of this rule is to "permit[ ] service on a business entity by the name under which it does business and advertises

to the public." *Clark v. Wakenfern Food Corp.*, 910 A.2d 715, 718 (Pa. Super. Ct. 2006). The Pennsylvania Rules allow service at "any office or usual place of business of the defendant," Pa. R. Civ. P. 402(a)(2)(iii), and by mail on an out-of-state defendant, Pa. R. Civ. P. 404(2).

Boyd served a writ of summons on Burlington Stores, Inc., d/b/a Burlington Coat Factory at a store located at 424 Oregon Avenue in Philadelphia, Pennsylvania. BCFP admits that it does business at this location, (Answer ¶ 2, ECF No. 3.), and that it owns the fictitious names Burlington Stores and Burlington Coat Factory, (Def.'s Resp., at 6). *Cf. Shubert*, 2010 WL 624175, at *8. Accordingly, Boyd's use of the fictitious names Burlington Stores and Burlington Coat Factory "does not render service ineffective." *Id.*; *see Clark*, 910 A.2d at 717–18 (holding that corporate owner of Shop Rite was properly served, notwithstanding plaintiff's error in identifying the wrong corporate entity); *see also Waugh v. Steelton Taxicab*, 89 A.2d 527, 528 (1952) ("It would be strange indeed if the law would permit a person actually responsible for a civil or criminal act to escape liability because the summons or warrant served on him named him Richard Roe instead of John Doe.").

Because Boyd properly served BCFP under Pennsylvania law, the time to remove the case began to run when BCFP was served—not when Boyd agreed to substitute parties. Boyd's alleged failure to name the proper corporate entity did not deprive BCFP of notice of a removable action.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

5